I dissent upon the ground that the plaintiff was not bound to show that she had an absolute and certain right of recovery in an action for negligence had one been brought, for it was sufficient if she proved that she had a reasonable chance to recover. A compromise does not necessarily involve the surrender of a certainty, but has valid support if it involves the surrender of a reasonable probability. A reasonable chance to recover a sum of money has a pecuniary value depending upon the strength of the probability and the plaintiff lost that chance on account of the fraud practiced upon her by the defendant through its dishonest agent. She parted with value when she gave up her chance of convincing a jury that the defendant was negligent, and that her intestate was free from contributory negligence. The action for negligence, if brought, might have involved a close question of fact, and she was not obliged to convince the jury in this action that the jury in that would necessarily have found in her favor. She might or might not have succeeded in that action, but she lost her chance to make the attempt when she executed the release in question relying upon the false representations made in behalf of the defendant. The jury could find, and, as we must presume, they did find that her chance of recovery was worth as much more than the sum received on the compromise as to warrant the verdict rendered in her favor for the balance.
These views, instead of conflicting with those of the court in a case relied upon by the majority of my associates (Gould v.Cayuga County National Bank, 99 N.Y. 333), are in strict accord therewith, as it appears to me. The nonsuit granted at the trial in that case was set aside by the court at General Term and we affirmed their judgment. As Judge FINCH held in that case, so I say in this that the *Page 181 
question is what "was the then fair value of the disputed claim which was released?" The plaintiff herein has recovered on that basis only, and, hence, I vote to affirm.
CULLEN, Ch. J., GRAY and WERNER, JJ., concur with COLLIN, J.; HISCOCK, J., concurs with VANN, J.; HAIGHT, J., absent.
Judgment reversed, etc.